Joseph Panvini (028359)
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-612-5016
Fax: 602-218-4447
joe.panvini@mccarthylawyer.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Nelson,<br><br>       Plaintiff,<br><br>v.<br><br>Freeway Funding, Inc.; Allied Collection Services of California, LLC; Experian Information Solutions, Inc.; and TransUnion, LLC,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT** |

## INTRODUCTION

1.  This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual residing in Maricopa County, Arizona.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Freeway Funding, Inc. is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Allied Collection Services of California, LLC is a furnisher of consumer credit information to consumer reporting agencies.

8. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

9. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

10. Defendant TransUnion, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

11. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. In or about July 2023, Plaintiff obtained a copy of his consumer credit reports.

13. Plaintiff observed that the credit report displayed a tradeline entry for an auto loan with Freeway Funding, account number beginning 18001*, reporting a balance of $7,233 due as of July 2023, with an account open date of June 21, 2018.

14. Allied Collection was also reporting a separate tradeline on Plaintiff's credit report for the same account, but with conflicting information.

15. Specifically, Allied Collection listed an account number beginning D11478*, reported that Plaintiff owed a balance of $7,775 as of July 2023, and listed an account open date of March 29, 2022.

16. The conflicting, false, and misleading information regarding the account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

17. Experian and TransUnion published the inaccurate information regarding the account to third parties.

## WRITTEN DISPUTE

18. On or about August 23, 2023, again on or about September 14, 2023, Plaintiff sent a written letter to Experian and TransUnion disputing the inaccurate information regarding the accounts reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

19. Upon information and belief, Experian and TransUnion forwarded Plaintiff's dispute to Freeway Funding and Allied Collection for reinvestigation.

20. Upon information and belief, Freeway Funding and Allied Collection received notification of Plaintiff's dispute from Experian and TransUnion.

21. Freeway Funding and Allied Collection failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying

account information with respect to the disputed information and the accuracy of the disputed information.

22. Experian and TransUnion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

23. Freeway Funding and Allied Collection failed to instruct Experian and TransUnion to correct the false information reporting on Plaintiff's consumer report.

24. Experian and TransUnion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

25. Experian and TransUnion employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

26. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

## COUNT I – Freeway Funding and Allied Collection

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

27. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

28. After receiving Plaintiff's dispute, Freeway Funding and Allied Collection failed to correct the inaccurate information regarding the account reporting on Plaintiff's consumer reports.

29. Freeway Funding and Allied Collection violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying inaccurate information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

30. As a result of this conduct, action, and inaction of Freeway Funding and Allied Collection, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

31. Freeway Funding and Allied Collection's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

32. In the alternative, Freeway Funding and Allied Collection was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

33. Plaintiff is entitled to recover costs and attorneys' fees from Freeway Funding and Allied Collection pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**COUNT II – Experian and TransUnion**

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

34. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

35. After receiving Plaintiff's dispute, Experian and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

36. Experian and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

37. As a result of this conduct, action and inaction of Experian and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38. The conduct, action, and inaction of Experian and TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

39. In the alternative, Experian and TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

40. Plaintiff is entitled to recover costs and attorneys' fees from Experian and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Experian and TransUnion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

41. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

42. After receiving Plaintiff's dispute, Experian and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

43. Experian and TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

44. As a result of this conduct, action and inaction of Experian and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. The conduct, action, and inaction of Experian and TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

46. In the alternative, Experian and TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Experian and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: December 13, 2023

/s/ Joseph Panvini
Joseph Panvini (028359)
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 612-5016
Fax: (602) 218-4447
joe.panvini@mccarthylawyer.com
Attorney for Plaintiff